IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PLAINTIFF NAME:**
**David Andrew Rodenbeck**
Address     3119 Aleshire dr.
Address     Dublin, Ohio 43017

Plaintiff, David Andrew Rodenbeck

v.

**DEFENDANT NAME,**
**Nationwide Insurance**
Address: 1 Nationwide Plaza,
Address: Columbus Ohio 43215

Defendant, Nationwide Insurance

Case No.    **2:19 cv 204**

Judge    **Judge Smith**

Magistrate Judge   **MAGISTRATE JUDGE JOLSON**

**Jury Demand Endorsed Hereon**

FILED
RICHARD W. NAGEL
CLERK OF COURT
2019 JAN 22 AM 9:44
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## COMPLAINT

NOW COMES Plaintiff David Andrew Rodenbeck ("Plaintiff") and proffers this Complaint for damages against Defendant Nationwide Insurance ("Defendant").

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.* and the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States.

3. This Court's jurisdiction in the matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

1

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that Plaintiff and Defendant are located in the Southern District of Ohio, and Defendant does substantial business in the Southern District of Ohio, where all of the events in question took place.

## THE PARTIES

5. Plaintiff is a natural person residing in Franklin County, Ohio.

6. Defendant is an Ohio company doing business in the Southern District of Ohio.

7. Plaintiff is employee as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. ("ADA") and by O.R.C. Chapter 4112.

8. Defendant is an employer as defined by the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. ("ADA") and by O.R.C. Chapter 4112.

## FACTUAL BACKGROUND

9. Plaintiff David Andrew Rodenbeck over the course of his employment made at least 4 attempts to Nationwide Insurance to allow his disability status and rights be known. At no time did Nationwide provide the federal protection or any legitimate response to Mr. Rodenbeck's Disability. Nationwide ignored Mr. Rodenbeck's emails which included informal requests for accommodation.

10. At no time were the 4 informal requests for accommodation responded to with a yes or no response.

11. David Andrew Rodenbeck gave an official request for accommodations including a doctor's note. At no time was there any response to the official request for accommodations.

12. Nationwide has actively not responded to and hidden all correspondence including formal and informal Accommodation requests and anything related to Mr.

2

Rodenbeck's disability disclosure. Since Mr. Rodenbeck's termination Nationwide has continued to hide all email related to disability disclosure.

13. Within a day of giving the request for accommodations to Nationwide Mr. Rodenbeck was terminated. Given the fact that Mr. Rodenbeck gave official requests for accommodations it was the Onus of Nationwide to give an official response to the unofficial and official accommodations request before terminating Mr. Rodenbeck.

## COUNT I
### (Disability Discrimination – ADA)

14. All of the preceding paragraphs are realleged as if fully rewritten herein.

15. Plaintiff suffers from Bipolar Illness.

16. At all times material herein, Plaintiff was disabled, regarded as being disabled, or had a record of being disabled as defined in 42 U.S.C. §12102.

17. Plaintiff is an otherwise qualified individual.

18. Defendant knew or had reason to know that Plaintiff suffered from one or more disabilities, and/or regarded her as disabled, and/or knew Plaintiff has a record of being disabled.

19. Defendant discriminated against Plaintiff based on his disability, perceived disability, and/or record of disability by taking the following non-exhaustive list of actions: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

20. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to

3

pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

21. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
### (Disability Discrimination – R.C. §4112.02)

22. All of the preceding paragraphs are realleged as if fully rewritten herein.

23. At all times material herein, Plaintiff suffered from an impairment within the meaning of R.C. § 4112.01(A).

24. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01.

25. Defendant knew or had reason to know that Plaintiff suffered from one or more disabilities, regarded him as disabled, and/or knew Plaintiff has a record of being disabled.

26. Plaintiff's medical conditions substantially limit his ability to perform several major life functions.

27. Defendant discriminated against Plaintiff because of his disability, perceived disability, or record of disability by taking the following non-exhaustive list of actions: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

28. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

29. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

### COUNT III
### (Hostile Work Environment – ADA)

30. All of the preceding paragraphs are realleged as if fully rewritten herein.

31. Defendant engaged in conduct that violates the ADA by subjecting Plaintiff to severe and pervasive harassment and/or creating of a hostile work environment in the terms and conditions of his employment because of his disability, perceived disability, and/or record of disability.

32. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, and privileges of Plaintiff's employment.

33. Defendant knew or should have known of the harassment and did not take immediate and corrective action.

34. Plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities by Defendant.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to

pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

36. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorneys' fees and costs.

## COUNT IV
### (Hostile Work Environment – R.C. §4112)

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. At all times material herein, Plaintiff suffered from an impairment within the meaning of R.C. § 4112.01(A).

39. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01.

40. Defendant engaged in conduct that violates R.C. Chapter 4112 by subjecting Plaintiff to harassment and/or creating of a hostile work environment in the terms and conditions of his employment because of his disability, perceived disability, and/or record of disability.

41. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions, and privileges of Plaintiff's employment.

42. Defendant knew or should have known of the harassment and did not take immediate and corrective action.

43. Plaintiff did not unreasonably fail to take advantage of any preventive or corrective opportunities by Defendant.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to

serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

45. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT V
### (Retaliation – ADA)

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. The ADA prohibits employers from discriminating against any employee because the employee has opposed an unlawful employment practice under the ADA.

48. Plaintiff engaged in a protected activity when he: opposed the discrimination, the hostile work environment, requested an accommodation and filed charges with the EEOC and/or OCRC.

49. Defendant knew Plaintiff engaged in these protected activities.

50. Defendant took an adverse employment action against Plaintiff by: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

52. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
## (Retaliation – R.C. §4112)

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. Pursuant to R.C. 4112.02(I), an employer cannot discriminate against any employee because the employee has opposed an unlawful employment practice under Chapter 4112.

55. Plaintiff engaged in a protected activity when he: opposed the discrimination, the hostile work environment, requested an accommodation and filed charges with the EEOC and/or OCRC.

56. Defendant knew Plaintiff engaged in these protected activities.

57. Defendant took an adverse employment action against Plaintiff by: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to

serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

59. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## COUNT VII
### (Failure to Hire – ADA)

1. All of the preceding paragraphs are realleged as if fully rewritten herein.

2. The ADA prohibits employers from discriminating against any employee because the employee has opposed an unlawful employment practice under the ADA.

3. Plaintiff engaged in a protected activity when he: opposed the discrimination, the hostile work environment, requested an accommodation and filed charges with the EEOC and/or OCRC.

4. Defendant knew Plaintiff engaged in these protected activities.

5. Defendant took an adverse employment action against Plaintiff by: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

6. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain

and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

7. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

8. Planitiff David Andrew Rodenebck received a voice mail from a recruiter after his employment was ended at Nationwide. The voicemail stated that Mr. Rodenbeck was not rehirable at Nationwide insurance.

## COUNT VIII
### (Failure to fulfill accommodations requests, Informal and Formal – ADA)

1. All of the preceding paragraphs are realleged as if fully rewritten herein.

2. The ADA prohibits employers from discriminating against any employee because the employee has opposed an unlawful employment practice under the ADA.

3. Plaintiff engaged in a protected activity when he: opposed the discrimination, the hostile work environment, requested an accommodation and filed charges with the EEOC and/or OCRC.

4. Defendant knew Plaintiff engaged in these protected activities.

5. Defendant took an adverse employment action against Plaintiff by: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

6. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

7. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

8. Plaintiff David Andrew Rodenbeck over the course of his employment made at least 4 attempts to Nationwide Insurance to allow his disability status and rights be known. At no time did Nationwide provide the federal protection or any legitimate response to Mr. Rodenbeck's Disability. Nationwide ignored Mr. Rodenbeck's emails which included informal requests for accommodation.

9. At no time were the 4 informal requests for accommodation responded to with a yes or no response.

10. David Andrew Rodenbeck gave an official request for accommodations including a doctor's note. At no time was there any response to the official request for accommodations.

11. Nationwide has actively not responded to and hidden all correspondence including formal and informal Accommodation requests and anything related to Mr. Rodenbeck's disability disclosure. Since Mr. Rodenbeck's termination Nationwide has continued to hide all email related to disability disclosure.

12. Within a day of giving the request for accommodations to Nationwide Mr. Rodenbeck was terminated. Given the fact that Mr. Rodenbeck gave official requests

for accommodations it was the Onus of Nationwide to give an official response to the unofficial and official accommodations request before terminating Mr. Rodenbeck.

## COUNT IX
### (Wrongful Termination – ADA)

1. All of the preceding paragraphs are realleged as if fully rewritten herein.

2. The ADA prohibits employers from discriminating against any employee because the employee has opposed an unlawful employment practice under the ADA.

3. Plaintiff engaged in a protected activity when he: opposed the discrimination, the hostile work environment, requested an accommodation and filed charges with the EEOC and/or OCRC.

4. Defendant knew Plaintiff engaged in these protected activities.

5. Defendant took an adverse employment action against Plaintiff by: terminating his employment, not hiring Plaintiff to be a full-time employee, not granting Plaintiff a reasonable accommodation, subjecting him to a hostile work environment, retaliating against Plaintiff for engaging in protected activity, and/or otherwise discriminating against her in the terms, privileges and conditions of employment.

6. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

7. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, front pay, statutory liquidated damages, expert witness fees, punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $500,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ NAME *[signature]* 1-22-19
NAME: David Andrew Rodenbeck
EMAIL: Rodenbeck1@gmail.com
ADDRESS: 3119 Aleshire dr
Dublin, Ohio, 43017
PHONE: 6145512134
FAX: none

*PRO SE PLAINTIFF*

*[signature]* 1-22-19
NAME: David Andrew Rodenbeck
EMAIL: Rodenbeck1@gmail.com
ADDRESS: 3119 Aleshire dr
Dublin, Ohio, 43017
PHONE: 6145512134
FAX: none

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ NAME *[signature]*
NAME

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PLAINTIFF NAME:**
**David Andrew Rodenbeck**
Address    3119 Aleshire dr.
Address    Dublin, Ohio 43017

Plaintiff, David
Andrew Rodenbeck

v.

**DEFENDANT NAME,**
**Nationwide Insurance**
Address: 1 Nationwide Plaza,
Address: Columbus Ohio 43215

Defendant, Nationwide Insurance

Case No. **2:19cv204**

Judge **Judge Smith**

Magistrate Judge **MAGISTRATE JUDGE JOLSON**

**Jury Demand Endorsed Hereon**

**Plaintiff demands:**

For all Counts, monetary damages including back pay and benefits, front pay, statutory liquidated damages, expert witness fees, punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $1,000,000.00 and any and all other relief, which the Court deems just and appropriate.

/s/ NAME _[signature]_ 1-22-19
NAME: David Andrew Rodenbeck
EMAIL: Rodenbeck1@gmail.com
ADDRESS: 3119 Aleshire dr
Dublin, Ohio, 43017
PHONE: 6145512134
FAX: none

*PRO SE PLAINTIFF*
_[signature]_ 1-22-19
NAME: David Andrew Rodenbeck
EMAIL: Rodenbeck1@gmail.com