UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID ANDREW RODENBECK,**

    **Plaintiff,**

v.

**NATIONWIDE INSURANCE,**

    **Defendant.**

Case No. 2:19-cv-204
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth Preston Deavers

## OPINION AND ORDER

The matter before the Court is Plaintiff David Andrew Rodenbeck's ("Plaintiff") Motion for Reconsideration (ECF No. 50), Request for Jury Trial (ECF No. 51), and Request for Deposition (ECF No. 53). For the reasons stated herein, the motions (ECF Nos. 50, 51, 53) are **DENIED**.

### I.

On January 22, 2019, Plaintiff filed a Complaint against Nationwide Insurance ("Defendant" or "Nationwide") asserting nine claims. These claims were: (1) disability discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) disability discrimination in violation of Ohio Revised Code § 4112; (3) harassment through a hostile work environment in violation of the ADA; (4) harassment through a hostile work environment in violation of § 4112; (5) retaliation for protected conduct in violation of the ADA; (6) retaliation for protected conduct in violation of § 4112; (7) failure to hire in violation of the ADA; (8) failure to provide accommodations in violation of the ADA; and (9) wrongful termination in violation of the ADA. (*See* Compl., ECF No. 1.) On May 8, 2020, the Court granted Defendant's motion for summary judgment. (*See* Op. & Order, ECF No. 48.) Now Plaintiff asks the Court to reconsider its Order granting Defendant's motion for summary judgment, set a jury trial, and allow Plaintiff

to take in-person depositions of "all parties listed in [] Plaintiff's discovery request." (*See* Mot. Reconsideration, ECF No. 50; Req. Jury Trial, ECF No. 51; Req. In-Person Dep., ECF No. 53.)

**II.**

Federal Rule of Civil Procedure 59(e) permits a district court to correct its errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). It is within the sound discretion of the district court whether to grant relief under Rule 59(e). *In re Ford Motor Co., Sec. Litig. Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). A Rule 59(e) motion is rarely granted unless the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

**III.**

Plaintiff asks the Court to reconsider its Order granting Defendant's motion for summary judgment arguing that "[t]here [is] no shadow or a doubt that wrongful actions were not taken against the plaintiff in terms of the American's with Disabilities Act and all applicable federal protections." (Mot. Reconsideration at 1.) Plaintiff also states that "[u]p to this point what [he] provided is just a sample of what [he] will be providing during court. [He is] now submitting all supporting documentation which completely and accurately provides the information needed to support [his] claims and make a judgment." (*Id.*) In support of this statement Plaintiff attaches 568 pages of documentation. (*See id.* at Ex. 1.) This documentation includes:

- Defendant's motion for summary judgment and accompanying exhibits;
- Plaintiff's deposition;
- Plaintiff's Ohio Civil Rights Commission ("OCRC") charge of discrimination filed April 15, 2018;
- An OCRC letter of determination finding no discrimination dated January 10, 2019;
- An order of the Court of Common Pleas of Franklin County Ohio affirming the decision

2

- of the Unemployment Compensation Review Commission denying benefits to Plaintiff dated May 1, 2018;
- Employment documentation for Plaintiff's time at Nationwide including his application, resume, offer letter, employment agreement, and other similar documents;
- Emails and instant messages between Plaintiff and his co-workers discussing Plaintiff's performance;
- A notification informing Nationwide that they were named as a respondent in an OCRC charge of discrimination;
- OCRC's mediation forms;
- Plaintiff's signed authorization form for disclosure of patient information for this case; and
- Defendant's requests for interrogatories and production of documents and Plaintiff's responses.

(*See* ECF No. 50-1.)

Plaintiff has not shown there has been a clear error of law, an intervening change in the controlling law, or that granting the motion will prevent a manifest injustice. Therefore, Plaintiff has provided no reason why the Court should reconsider its Order. Even if the Court looks at the evidence Plaintiff provided, most of the evidence Defendant submitted at the motion for summary judgment stage and thus, was already considered by the Court. Additionally, the new evidence is dated prior to the Plaintiff's response to Defendant's motion for summary judgment and thus, Plaintiff could have provided it in his response. Even if the Court considers the new documents, there remains no genuine issue of material fact as to any of Plaintiff's claims.

The Court granted judgment on Plaintiff's claims for disability discrimination and failure to accommodate because Plaintiff did not present evidence to create an issue of fact as to whether he was qualified for the position from which he was terminated, which is required for the prima facie case in these claims. (*See* Op. & Order at 8–11, 14–15 (citing *see Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018) (citing 42 U.S.C. § 12111(8)); *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 982–83 (6th Cir. 2011)).) The only new evidence Plaintiff submits which could be relevant on this point are Nationwide employees' emails to Plaintiff speaking about Plaintiff's performance. (*See* Mot. Reconsideration

3

at Ex. 1.) Plaintiff also provided instant messages giving context to these emails. (*See id.*) The instant messages show that Plaintiff reached out to Nationwide employees and asked them to write positive words about him in order to help him obtain permanent employment with Nationwide. (*See id.*) The emails state Plaintiff was "enthusiastic," "optimistic," "hardworking," "social," "dedicated," "capable" and more. (*See id.*) Even if the Court considers these words as true, despite the fact that the instant messages reveal Plaintiff often wrote these emails himself and asked coworkers to send them back to him, they do not address whether he was qualified to be a Requirements Analyst, his position at Nationwide. These emails do not change the Court's decision, based on Plaintiff's own testimony and the testimony of many of Plaintiff's superiors at Nationwide as to his lack of qualification, that there is no genuine dispute of material fact as to Plaintiff's qualification for the position and thus, the prima facie cases of these claims.

The Court also found no genuine issue of material fact on Plaintiff's harassment claims, because Plaintiff submitted no evidence of any harassment let alone severe and pervasive harassment. (Op. & Order at 17–18 (citing *Trepka v. Bd. of the Cleveland City Sch. Dist.*, 28 F. App'x 455, 461 (6th Cir 2002)).) None of the new evidence Plaintiff now submits shows any harassment at all and thus, there remains no genuine dispute of material fact as to these claims.

Finally, the Court found no genuine dispute of material fact as to Plaintiff's claims of retaliation. (*See id.* at 19–25.) The Court found there was no causal connection between Plaintiff's protected conduct and termination of his employment or failure to hire him for a permanent position. (*See id.*) None of the new evidence Plaintiff provides addresses this issue.

In sum, Plaintiff has provided no argument that there has been a clear error of law, an intervening change in the controlling law, or that failure to grant his motion will cause a manifest injustice. Instead, Plaintiff provides numerous pages of documents, all of which existed at the

time Plaintiff filed his response to Defendant's motion for summary judgment and many of which Defendant submitted and thus, the Court already considered. Even if the Court considers the evidence newly submitted, the Court's decision remains the same. There is no genuine dispute of material fact as to any of Plaintiff's claims. Plaintiff's motion to reconsider is **DENIED**.

**IV.**

In addition to asking the Court to reconsider its Order granting Defendant's motion for summary judgment, Plaintiff asks the Court to schedule this case for trial and allow him to take depositions. (*See* Req. Jury Trial; Req. In-Person Dep.) The case has been closed and the motion to reconsider has been denied and thus, no jury trial will be scheduled, and no depositions need taken. The motions are **DENIED**.

**V.**

In sum, Plaintiff's Motion for Reconsideration (ECF No. 50) is **DENIED**, Plaintiff's Request for a Jury Trial (ECF No. 51) is **DENIED**, and Plaintiff's Request to Take Depositions (ECF No. 53) is **DENIED**.

**IT IS SO ORDERED.**

**6/22/2020**                                                        **s/Edmund A. Sargus, Jr.**  
**DATED**                                                            **EDMUND A. SARGUS, JR.**  
                                                                  **UNITED STATES DISTRICT JUDGE**